## THE ISMAELE.[1]

### ALLEGRO v. LEBER.[1]

#### (Circuit Court, E. D. New York.  June 25, 1884.)

BILL OF LADING—CARGO NOT DELIVERED—BURDEN OF PROOF—EVIDENCE.

The conclusion of the district court in the same cases (see *The Ismaele*, 14 FED. REP. 491) was not affected by further testimony, taken in the circuit court, of persons who took part in weighing the cargo. There being no direct evidence of a felonious abstraction of cargo, and the testimony on the part of the vessel being explicit that all the cargo received on board was delivered except such as passed off through the pumps, the court had no hesitation in rejecting the former view, and the decrees of the district court were affirmed.

*The Ismaele*, 14 FED. REP. 491, affirmed.

Admiralty Appeal.

*Sidney Chubb*, for the consignee.

*Ullo & Davison*, for the vessel and the master.

BLATCHFORD, Justice.   The views and conclusions of the district judge in his opinion delivered in these cases, on the evidence as it then stood, were unquestionably correct.   He observed that there was no legal proof of the actual weight of the sulphur shipped; that the persons who did the weighing, and whose names were disclosed, were not examined; that this omission, under the circumstances, was one that could not be overlooked, and that it left the testimony respecting the weight of the sulphur shipped incomplete, and insufficient to overthrow the testimony, in behalf of the bark, that all the sulphur shipped was delivered in New York.   Since the appeal was taken the libelant has taken the testimony, on commission, of three persons who took part in weighing the sulphur.   One of them was at the time between 15 and 16 years old.   The others were of full age.   No one connected with the vessel was present at the weighing on shore, and there was no weighing on board of the vessel.   The sulphur was in bulk, and after the weighing was carried by hand to boats and dumped into them, and carried in them to the vessel, which was anchored two miles off, and was lifted from the boats and dumped into the hold of the vessel.   The testimony on the part of the vessel is explicit that all the sulphur received on board was delivered here, except such as passed off through the pumps.   Under these circumstances, the weight delivered being less than the asserted weight on shore, and a finding that some of the sulphur was abstracted feloniously, without the slightest direct evidence of that fact, involving the finding that a crime was committed; and a finding that the vessel delivered all that it received, less what was lost through the pumps, involving only an error in the weighing, there can be no hesitation in the judicial mind in rejecting the former view.

In the first suit there must be a decree for the libelant for the £10

[1] Reported by R. D. & Wyllys Benedict, of the New York bar

gratuity, with $82.65 costs in the district court, as taxed, and costs in this court to be taxed; and in the second suit the libel must be dismissed, with $85.35 costs in the district court, as taxed, and costs in this court to be taxed.